*R. W. Nelson,* for appellant. *Berry & Hounshell,* for appellee.

---

JAMES WATSON AND WIFE *v.* FRANKLIN BUILDING ASSOCIATION.

**Contracts—Lex Loci.**

Where a contract is executed in the state of Ohio and a mortgage to secure it is executed on land in this state, the mortgage is a mere incident to the debt, and the laws of Ohio determine the rights of the parties. Such a mortgage is a valid security although upon land belonging to the wife.

APPEAL FROM KENTON CHANCERY COURT.

February 28, 1877.

OPINION BY JUDGE PRYOR:

It is manifest from the proof in the case that the contract by reason of which this money was paid was made and executed in the state of Ohio. The shares or stock in the association were assigned and the money received from the appellee in that state. The mortgage sought to be foreclosed was executed and delivered in that state, and the obligations upon the appellant to the company existing by reason of his membership were all to be discharged and per-

formed in Ohio, the association having been created under the laws of that commonwealth. The only question presented in the case is: the debt having been created in accordance with the law of the place where the contract was made, can the obligee secure the payment by a mortgage upon land in this state? The right to acquire and hold real estate to secure any debts to the corporation is carefully given by the Ohio statute, and the mortgage being a mere incident to the debt, the validity of which cannot be questioned here to a greater extent than it could be in Ohio, we perceive no reason why the mortgage is not a valid security for its payment, although upon land belonging to the wife. The money was actually loaned, and notwithstanding the appellant, James Watson, pleads the amount received by him, was far below the amount of the note, still the evidence is conclusive of the fact that he is mistaken in his recollection upon this point, and that he actually received every dollar for which the note was created and which the mortgage was given to secure.

The case of *Lathrop v. Commercial Bank of Scioto,* 8 Dana 114, determines the material question involved in this case. It is there said, "Nor is there any statute of Kentucky disabling the Bank of Scioto to collect, or to secure by contract here, its debt due under a contract made in Ohio." The statute in relation to the loan of money by corporations created in another state has no application to this case, as the contract and loan was made in the state where the corporation was created. No loan was made in Kentucky, nor was any part of the contract to be performed here. The judgment must be reversed, moreover, because there is no description of the land in the judgment. It would be proper, unless Watson has been assigned a part of the bank debt since the institution of this action, to make him a party defendant. The judgment is *reversed* and cause remanded for further proceedings consistent with the opinion. ·

*R. D. Handy, for appellants. Simms & Schmidt, for appellee.*